Vacated and remanded by unpublished PER CURIAM opinion. Judge NIEMEYER, wrote a dissenting opinion.
Unpublished opinions are not binding precedent in this circuit.
PER CURIAM:
Onrey Townes appeals the twenty-one-month sentence the district court imposed upon the revocation of his supervised release. Townes challenges the sentence as procedurally unreasonable, arguing that the district court committed plain error in imposing the sentence absent appropriate explanation. For the reasons that follow, we vacate the judgment and remand for resentencing.
I.
Townes first appeared before the district court for sentencing on April 24, 2012, after pleading guilty to possessing a stolen firearm and aiding and abetting in violation of 18 U.S.C. §§ 2, 922(j), 924. In accordance with the terms of his plea agreement, the district court sentenced Townes to twelve months and one day in prison and three years of supervised release. Townes began his term of supervised release on July 3,2012.
On March 26, 2014, United States Probation Officer Dewayne Smith petitioned for the revocation of Townes’s supervised release, asserting that Townes had violated the terms of his supervised release in two respects. First, Smith alleged that Townes had engaged in recent criminal conduct. Smith explained that, during the early morning hours of March 15, 2014, Townes entered a home through a bathroom, window, woke a young female resident, and fled when the girl called for her parents. Smith also noted that Townes attempted to gain access to a second residence minutes later and that Townes only abandoned his efforts when one of the people inside the home discovered him. In response to these incidents, the Wilson County Police Department charged Townes with felony first degree burglary and attempted breaking and entering. *523 Second, Smith reported that Townes had violated the terms of his supervised release by missing three mental health appointments.
The district court held a hearing on the petition for revocation, on September 29, 2014. During the hearing, Townes neither admitted nor denied the alleged criminal activity. As to the allegations regarding his failure to participate in a mental health program as directed, Townes conceded that his absences violated the terms of his supervised release. Townes emphasized, however, that his absences were not the result of disinterest in mental health support. Townes explained that each absence was due to incomplete information or scheduling conflicts and emphasized his desire for future mental health counseling.
The Government made a proffer as to the purported criminal activity, eliciting testimony from the police officers who had responded to the incidents. After hearing from both officers, the district court declared that it found as a matter of fact that Townes had violated the terms of his supervised release by engaging in criminal conduct-both burglary and attempted breaking and entering — and by failing to participate in a mental health program as directed. The district court then explained that it had “considered the policy statements on revocation contained in Chapter Seven of the Sentencing Guidelines as well as [the] relevant factors listed in 18 United States Code 3553(a).” J.A. 21. Prior to imposing the sentence, the district court afforded both parties an opportunity to address the court.
Townes’s attorney argued first and offered the following factors in mitigation of Townes’s conduct: (1) Townes’s youth; (2) his documented struggles with bipolar disorder and schizophrenia; (3) his recent engagement and commitment to helping raise his two three-month-old sons; (4) his abstention from drug use; (5) his work history and current job prospects; and (6) his plans to earn his GED and commercial driver’s license. Defense counsel concluded by asking the district court for a sentence below the advisory range provided under the U.S. Sentencing Guidelines Manual’s policy table applicable to revocations. The district court did not explicitly address Townes’s arguments in favor of a below-the-guidelines sentence at that time. Instead, prior to seeking final comments from the Government, the district court explained that Townes’s conduct constituted a “most serious violation” and explained that, because Townes fell within criminal history category II, Townes’s advisory range of imprisonment was fifteen to twenty-one months.
The Government responded to Townes’s request for a sentence below the advisory range by arguing in support of an above-guidelines twenty-four-month sentence— the applicable statutory maximum. As grounds for a sentence above the advisory range, the Government explained that, immediately after posting bond in Wilson County, Townes had returned to one of the subject residences and shouted threats at the victims. The Government also emphasized that Townes’s initial federal conviction was for the possession of a stolen firearm and that Townes had come into possession of the firearm following a 2010 residential break-in. In sum, the Government argued that Townes had failed to learn from his initial term of imprisonment and that his recent criminal conduct evidenced dangerous and escalating behavior.
After both parties presented their arguments, the district court reasserted its finding that Townes had violated the terms of his supervised release. . The district court then revoked Townes’s supervised release and imposed the sentence as follows:
*524 After weighing all the factors, it’s or-dei-ed and adjudged that the supervision term heretofore granted be revoked. The Defendant is ordered committed to the custody of the Bureau of Prisons or its authorized representative for a period of 21 months. The court recommends that while incarcerated he receive mental health treatment and he participate in the intensive drug treatment program.
J.A. 24-25. This timely appeal followed.
II.
A.
A district court is afforded broad discretion when imposing a sentence upon the revocation of supervised release. United States v. Webb, 738 F.3d 638, 640 (4th Cir.2013). A revocation sentence will be affirmed so long as “it is within the statutory maximum and is not ‘plainly unreasonable.’ ” Id. (quoting United States v. Crudup, 461 F.3d 433, 438 (4th Cir.2006)).
To determine if a sentence is plainly unreasonable, we conduct a two-step inquiry. See Crudup, 461 F.3d at 438-39. First, this Court must determine whether the sentence is “unreasonable at all.” United States v. Thompson, 595 F.3d 544, 546 (4th Cir.2010). A sentence can be either procedurally or substantively unreasonable. Webb, 738 F.3d at 640. A sentence will be deemed procedurally unreasonable if the judge failed to consider the Chapter Seven policy statements or pertinent 18 U.S.C. § 3553(a) sentencing factors or if the judge failed to “provide a statement of reasons for the sentence imposed.” Thompson, 595 F.3d at 547 (quoting United States v. Moulden, 478 F.3d 652, 657 (4th Cir.2007)); Crudup, 461 F.3d at 440. A revocation sentence is substantively unreasonable if the district court did not rely on a proper basis in rendering its sentence. Crudup, 461 F.3d at 440.
Only if a sentence is procedurally or substantively unreasonable do we proceed to the second step: determining whether the sentence is “plainly unreasonable.” Id. at 439. A sentence is plainly unreasonable if it runs “afoul of clearly settled law.” Thompson, 595 F.3d at 548.
B.
Townes challenges his revocation sentence as procedurally unreasonable. He contends that the district court committed plain procedural error when it failed to address his arguments in favor of a sentence below the advisory range and failed to explain why it imposed the sentence rendered. We agree.
While a district court “need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence,” it must give some explanation or indication of its reasoning. See id. at 547. As this Court explained in Thompson, “to hold otherwise, district courts could effectively thwart appellate review of any within-range revocation sentences they impose.” Id.
The Government argues that the district court shed sufficient light on its reasoning when it noted, prior to hearing argument from Townes’s counsel, that it “considered the policy statements on revocation contained in Chapter Seven of the Sentencing Guidelines as well as relevant factors listed in 18 United States Code 3553(a).” The Government further contends that, between the district court’s declaration that Townes’s conduct constituted a “most serious Grade A violation” and its recommendation that Townes receive mental health treatment while incarcerated, the district court adequately explained its decision to deny Townes’s request for a sentence below the advisory range.
*525 We are unpersuaded by the Government’s contentions. Were we to agree with the Government, we would be reaching the type of “speculative conclusion” we cautioned against in Thompson. Id. Most assuredly, a district court is not required to “robotically tick through § 3553(a)’s every subsection.” Moulden, 478 F.3d at 657 (quoting, United States v. Johnson, 445 F.3d 339, 345 (4th Cir.2006)). However, by merely stating that it had “weighted] all the factors,” the district court left this Court to engage in wide-ranging speculation as to how the policy statements and § 3553(a) factors balanced in light of the opposing arguments offered by defense counsel and the Government. This is not to suggest that the district court did not adequately take the parties’ arguments into consideration when formulating Townes’s sentence; rather, it means that because a sufficient explanation is essential to the “perception of fair sentencing” and “meaningful appellate review,” Gall v. United States, 552 U.S. 38, 50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), a revocation sentence cannot be deemed proee-durally reasonable when this Court can only guess as to the district court’s actual reasoning.
Notably, the Government conceded at oral argument that the explanation provided by the district court would not pass muster if this were a direct appeal from an original sentence. Given the paucity of reasoning explaining the sentence in this record, we find no support in our precedents for the manner in which the Government would parse the minimal burden on the district court to explain the reasons for its sentence.
C.
Because we find the sentence procedurally unreasonable, we must now consider whether it was plainly so. Because this Circuit has clearly articulated that a district court is “obligated] to provide some basis for appellate review when imposing a revocation sentence, however minimal that basis may be,” Thompson, 595 F.3d at 548-49, the district court’s failure to offer any explanation for imposing the top-of-the-guidelines sentence rendered, in light of counsel’s presentations, runs afoul of clear circuit precedent. Accordingly, we conclude’that the sentence is plainly unreasonable.
D.
Finally, despite the Government’s arguments to the contrary, we are unable to conclude that the district court’s failure to issue a reasoned sentence was harmless. “For a procedural sentencing error to be harmless, the government must prove that the error did not have a ‘substantial and injurious effect or influence on the result.’ ” Id. at 548 (quoting United States v. Lynn, 592 F.3d 572, 585 (4th Cir.2010)). While the Government argues that the mitigating evidence offered by Townes’s counsel was relatively weak in light of its evidence demonstrating escalating and dangerous behavior, we cannot presume that the district court would not have rendered a different sentence had it explicitly considered the arguments of Townes’s counsel. As an example, Townes’s counsel emphasized to the district court that Townes was “not a drug user” and had not produced a positive drug test throughout his time (more than eighteen months) on supervised release.- Despite this evidence, the district court recommended that Townes undergo intensive drug treatment while incarcerated. Reflecting on this potential incongruity — and without any explanation to the contrary — it is reasonable to conclude that the district court entirely overlooked this non-frivolous argument offered in mitigation of Townes’s conduct. *526 Because the district court did not adequately explain its basis for rendering the sentence chosen and Townes presented non-frivolous arguments that, if explicitly considered, could have resulted in a different sentence, we are unable to find that the procedural sentencing error was harmless.
III.
For the foregoing reasons, the judgment is vacated and the case is remanded to the district court for a new sentencing hearing. We deny Townes’s motions to file a pro se supplemental brief as moot.

VACATED AND REMANDED,