UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-4583

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN MATTHEW GRISSOM,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., Senior District Judge. (7:12-cr-00940-HMH-19)

Submitted: June 30, 2016                Decided: July 6, 2016

Before GREGORY, DUNCAN, and AGEE, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Matthew Grissom appeals the district court's judgment revoking his term of supervised release and sentencing him to 24 months' imprisonment. Counsel initially filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion by revoking Grissom's supervised release and in imposing sentence. After conducting our review pursuant to Anders, we sought supplemental briefing on two issues: (1) whether defense counsel's statement at the revocation hearing, and Grissom's agreement thereto, that the defense admitted for the purpose of that proceeding that the Government could establish the alleged supervised release violations, is sufficient to sustain the revocation of Grissom's supervised release; and (2) whether the district court imposed a plainly unreasonable sentence by failing to explain the sentence it selected for this defendant. Having reviewed the parties' arguments on these issues, we affirm the revocation of Grissom's supervised release, but conclude that the district court's explanation was insufficient, rendering Grissom's sentence plainly procedurally unreasonable. Thus, we vacate the sentence and remand for resentencing.

We generally review for abuse of discretion a district court's judgment revoking supervised release and review factual

2

findings in this context for clear error. United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); Padgett, 788 F.3d at 374. Because Grissom did not object in the district court to the revocation of his supervised release on the basis identified in our supplemental briefing order, our review of this issue is limited to plain error. United States v. Olano, 507 U.S. 725, 731–32 (1993).

To satisfy the plain error standard, Grissom must show that there was an error that was "plain (i.e., clear or obvious)," and that this error affects his substantial rights. United States v. Lemon, 777 F.3d 170, 172 (4th Cir. 2015) (internal quotation marks omitted). This court will acknowledge a plain error only when all of these conditions are satisfied and we find that doing so is necessary to prevent "a miscarriage of justice" or to ensure "the fairness, integrity or public reputation of judicial proceedings." United States v. Whitfield, 695 F.3d 288, 303 (4th Cir. 2012) (internal quotation marks omitted).

The transcript of Grissom's revocation hearing reveals Grissom's express adoption of counsel's concession that the Government's evidence would establish the alleged violations and

Grissom's personal admission to using drugs while on supervised release. Given the low standard for establishing a supervised release violation, we conclude that, on this record, Grissom cannot satisfy the high burden of establishing that the district court committed plain error in revoking his supervised release.

Turning then to Grissom's sentence, we first recognize the "broad discretion" a district court has when selecting the sentence to impose upon revoking a defendant's previously imposed term of supervised release. United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). Accordingly, in examining a revocation sentence, this court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). We will affirm a revocation sentence that falls within the statutory maximum unless we find the sentence to be "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In reviewing a revocation sentence, this court must first determine "whether the sentence is unreasonable," using the same general analysis employed to review original sentences. Id. at 438. Only if we find a sentence to be procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

A revocation sentence is procedurally reasonable if, among other factors, the district court provides a sufficient explanation for its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). In evaluating this factor, this court considers the district court's sentencing analysis, including its response to any nonfrivolous arguments for a variant sentence and its explanation for the selected sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Because defense counsel based her request for a downward variant sentence on the sentencing factors set forth in 18 U.S.C. § 3553(a) (2012), Grissom has preserved such a claim for appeal. United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

In explaining its sentence, the district court is not required to "robotically tick through § 3553(a)'s every subsection," Moulden, 478 F.3d at 657 (internal quotation marks omitted), but "a district court may not simply impose [a revocation] sentence without giving any indication of its reasons for doing so," Thompson, 595 F.3d at 547. An adequate explanation is necessary "to promote the perception of fair sentencing" and to permit "meaningful appellate review." Gall v. United States, 552 U.S. 38, 50 (2007).

With these well-settled principles in mind, and despite the sparse requirements for a district court's explanation of a revocation sentence, we conclude that, in this case, the court did not adequately explain Grissom's sentence. In fact, the district court did not articulate any reasons for the sentence it selected for Grissom, in contravention of the law of this Circuit. See Thompson, 595 F.3d at 547. The Government points out in its supplemental brief that the court's colloquy with Grissom suggests that the court was concerned with Grissom's continued drug use and failure to fulfill his restitution obligation and abide by the terms of his release. See id. (noting that a district court's reasoning "may be clear from context, including the court's statements to the defendant throughout the sentencing hearing" (citation omitted)). While the record supports a finding that the district court heard defense counsel's arguments in mitigation and Grissom's explanation for his violative conduct, the record is silent as to why the court rejected those contentions as reasons for a downward variant sentence. The court also neglected to offer any on-the-record analysis of the § 3553(a) factors it found to be most relevant in this revocation proceeding. Being ever mindful of Gall's mandate that each federal sentence must be adequately explained, see Gall, 552 U.S. at 50, we conclude that

6

the court's failure to explain its chosen sentence renders Grissom's sentence procedurally unreasonable.

We further conclude that Grissom's sentence is plainly unreasonable because the requirement to provide an adequate explanation for a defendant's revocation sentence is a "clearly settled" requirement. Thompson, 595 F.3d at 548. Because, on this record, we can do nothing more than guess as to the reasons for the selected sentence, we are constrained to vacate Grissom's sentence and remand this case for resentencing. See, e.g., United States v. Townes, 629 F. App'x 521, 525 (4th Cir. 2015) (No. 14-4762) (argued but unpublished) (opining that "a revocation sentence cannot be deemed procedurally reasonable when this Court can only guess as to the district court's actual reasoning").[*]

In accordance with Anders, we have reviewed the record and found no other meritorious issues for appeal. This court requires that counsel inform Grissom in writing of the right to petition the Supreme Court of the United States for further review. If Grissom requests that a petition be filed, but

---

[*] Because we concluded that Grissom's revocation sentence is not free of significant procedural errors, we have not considered the substantive reasonableness of the sentence. See Carter, 564 F.3d at 328 ("If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence." (internal quotation marks omitted)).

7

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Grissom. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>

8